JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robert L. Nova, pro se, appeals his conviction in the Parma Municipal Court for criminal trespass. For the following reasons, we affirm.
 {¶ 2} This case arose from allegations that defendant was trespassing on the property of the Clearvue Glass Company ("Clearvue Glass") in the City of Brooklyn.
 {¶ 3} On May 31, 2003, defendant was issued a citation for one count of criminal trespass, in violation of Brooklyn Codified Ordinance ("B.C.O.") § 541.05(A)(1). On June 26, 2003, defendant pled not guilty. On September 8, 2003, a bench trial began with defendant proceeding pro se.
 {¶ 4} At trial, Patrolman Daniel Meadows of the Brooklyn Police Department testified that in the early evening of May 31, 2003, he was on patrol in the business district in Brooklyn, Ohio. He testified that he observed the defendant behind Clearvue Glass loading blue steel racks into the back of a pickup truck. He testified that the blue steel racks were against the back of the building and not in a dumpster. He testified that the defendant told him that he did not have permission to be on the property or take the equipment. He testified that the defendant told him that he was "dumpster diving" and thought the steel racks were garbage. On cross-examination, Patrolman Meadows testified that there were no gates, chains, or barricades surrounding the driveway where the defendant was parked and that he did not see any "No Trespassing" signs posted near the building.
 {¶ 5} The City also called Jeffrey Fogel, the President of Clearvue Glass. He testified that the defendant did not have permission to be on his property. He also testified that the blue steel racks were used to hold raw glass and were company property. On cross-examination, Mr. Fogel testified that there were no gates, locks, chains, or trespassing signs on the property.
 {¶ 6} For the defense, no witnesses were presented.
 {¶ 7} On September 8, 2003, the trial court found defendant guilty of criminal trespass. It also stated the following, in pertinent part:
 {¶ 8} "* * * You went on those premises and why you weren't charged with theft, I don't know, but you should have been charged with theft too because you were stealing those things. The owner was here, he testified that he has to pay for those racks that you were loading into your car. The lumber that you probably would have gotten your hands on next he also uses and gets a credit for and apparently from your Motion I guess your argument is since I don't have it posted in my yard you could come steal my kid's sliding board because it's pretty close to my garbage can so you could come steal the sliding board too. I don't follow your logic, it's ridiculous but it's clearly in violation of the law and it's unacceptable." (Tr. 28).
 {¶ 9} On September 8, 2003, defendant was sentenced to ten days in jail, nine days suspended, a $250 fine and twelve months probation. Defendant appeals the verdict and raises two assignments of error four our review.
 {¶ 10} "I. The court errored [sic] in not dismissing the complaint for being vague as pertaining to this particular case or in the alternative by amending the complaint to be more specific in the nature of said charge and cause of said accusation that was filed. This violates Criminal Rule 7(B), the5th and 6th Amendment to the United States Constitution, and Article 1, Section 10 of the Ohio Constitution."
 {¶ 11} In his first assignment of error, the defendant claims that his constitutional rights were violated because he was not properly informed of the charges brought against him by the City. Specifically, defendant claims that because the subtitle of the ordinance was not expressly stated in the complaint, he was not properly informed of the nature and cause of the allegations against him. We disagree. In evaluating the sufficiency of an indictment, the court must determine whether all the statutory elements necessary to constitute a crime are alleged in the criminal charge. State v. Oliver (1972), 32 Ohio St.2d 109. This condition is founded upon the constitutional right of the accused to be informed of the nature and cause of the accusation against him. United States v. Hess (1887), 124 U.S. 483, 487. No judgment of conviction will be reversed because of an imperfection in the charging instrument if the accused was fairly and reasonably informed of the nature of the charge. R.C.2945.83(A); State v. Fisher (Aug. 6, 1992), Cuyahoga App. No. 60918.
 {¶ 12} Here, defendant was issued a complaint from Officer Meadows that stated the following:
 {¶ 13} "No person, without privilege to do so, shall knowingly enter or remain on the land or premises of another."
 {¶ 14} "Criminal Trespass-541.05"
 {¶ 15} Although the complaint did not specify the subtitle of the ordinance under which defendant was being charged, the language in the complaint mirrors the language set forth in B.C.O. § 541.05(a)(1). The indictment also identified the location of the property and the date of the alleged crime. Therefore, the complaint reasonably informed defendant of the nature of the charge against him.
 {¶ 16} Assignment of Error I is overruled.
 {¶ 17} "II. The court errored [sic] in not dismissing the case since the prosecution failed to prove all of the elements of the charge to render a verdict of guilty. This violated Criminal Rule 7(B), and the 5th Amendment to the United States Constitution and Article 1, Section 16 of the Ohio Constitution."
 {¶ 18} Although not specifically denoted as such, defendant's argument with respect to this assignment of error is that the weight and sufficiency of the evidence required the trial court to return a not guilty verdict.[1] We disagree.
 {¶ 19} In a bench trial, the trial court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 20} Here, defendant's conviction for criminal trespass was not against the manifest weight of the evidence. B.C.O. § 541.05 defines the crime of criminal trespass and provides in pertinent part:
 {¶ 21} "(a) No person, without privilege to do so, shall do any of the following:
 {¶ 22} "(1) Knowingly enter or remain on the land or premises of another;"
 {¶ 23} At trial, the court heard Officer Meadows testify that he observed the defendant loading equipment onto his truck at Clearvue Glass and that defendant told him that he did not have permission to be there. Jeff Fogel, the President of Clearvue Glass, testified that defendant did not have permission to be on his property. While there was evidence that the property was not barricaded or gated, this was not a necessary element under B.C.O. § 541.05(a)(1), the ordinance under which defendant was charged. Accordingly, we conclude that defendant's conviction for criminal trespass is not against the manifest weight of the evidence.
 {¶ 24} Assignment of Error II is overruled.
Judgment affirmed.
Kilbane, P.J., and McMonagle, J., concur.
[1] In this assignment of error, defendant again raisest the issue of whether he was adequately informed of the charges brought against him by the City. Since that issue has been fully addressed in the first assignment of error, we decline to address it again.