[Cite as *State v. Bradley*, 2012-Ohio-2765.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97333

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE BRADLEY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543822

**BEFORE:** Celebrezze, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 21, 2012

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    John Hanley
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Maurice Bradley, appeals from his convictions for burglary and theft, claiming that they were against the manifest weight of the evidence. After careful review of the record and relevant case law, we affirm appellant's convictions.

**{¶2}** On November 17, 2010, the Cuyahoga County Grand Jury indicted appellant on charges of burglary, in violation of R.C. 2911.12(A)(2), and theft, in violation of R.C. 2913.02(A)(1). On March 28, 2011, appellant waived his right to trial by jury. On April 8, 2011, appellant's bench trial ensued, at which the following pertinent evidence was presented.

**{¶3}** Deborah Balestrieri testified that on November 1, 2010, she was visiting her sister in Bedford, Ohio, when she received a call from her home security company informing her that a suspected burglary was taking place at her residence located on Lamontier Avenue in Cleveland, Ohio. Balestrieri subsequently drove to her house and waited for the Cleveland police to arrive. Balestrieri testified that when the officers arrived at the scene, they began walking toward her house when an unidentified man suddenly ran out her front door. Upon seeing the officers, the man immediately ran back into Balestrieri's house, and the officers followed him in pursuit. Moments later, the

man emerged from the back of Balestrieri's house and fled toward the intersection of Lamontier Avenue and Martin Luther King Jr. Drive.

{¶4} Balestrieri testified that once the officers apprehended the man, they asked her to identify several items, including foreign currency, stamps, and trinkets found in the man's possession. Balestrieri testified that the recovered items belonged to her and were previously located in her house. Balestrieri, however, was unable to identify appellant as the man she witnessed flee her house.

{¶5} Officer John Mullin of the Cleveland Police Department testified that he responded to the suspected burglary at Balestrieri's house on November 1, 2010. Officer Mullin testified that when he arrived at the scene, he observed a flashlight moving inside the house. As Officer Mullin and his partner approached the house, a man stepped out the front door. Officer Mullin testified that when the officers identified themselves as Cleveland police, the man ran back into Balestrieri's house. Officer Mullin chased the man inside the house, where he witnessed the man flee through a bedroom window. A perimeter was set up, and the man, later identified as appellant, was apprehended by officers on a neighbor's porch approximately five minutes later. At trial, Officer Mullin identified appellant as the individual he initially encountered on the steps of Balestrieri's house.

{¶6} Officer Thomas Rakevec of the Cleveland Police Department testified that he assisted in appellant's apprehension. Officer Rakevec testified that he discovered

appellant lying down on a porch approximately four houses down from Balestrieri's house.

{¶7} Appellant testified that on November 1, 2010, he assisted his wife in cleaning out the home of his deceased mother-in-law in Cleveland Heights, Ohio. At some point in the evening, appellant and his wife had a verbal altercation, and she asked him to leave. Appellant testified that he did not want to argue with his wife, so he began walking towards his grandmother's old house on Lamontier Avenue. Exhausted from walking, appellant stopped to smoke a cigarette on the steps of a nearby porch. He testified that as he was smoking his cigarette, a man suddenly ran past him. He stated that he believed the man was running from the police. Appellant testified that he immediately hid on the porch of the house because he had an outstanding warrant. He estimated that he hid on the porch for approximately 45 minutes before he was apprehended by police officers. He denied being in Balestrieri's house and testified that the items found in his possession belonged to his mother-in-law.

{¶8} At the conclusion of the bench trial on April 8, 2011, the trial court found appellant guilty of both counts, but stayed sentencing pending the outcome in appellant's other case (CR-475860). On August 24, 2011, appellant pled guilty to robbery in CR-475860. At sentencing in the present case, the trial court sentenced appellant to serve three years in prison on each charge, to run concurrently to his sentence in CR-475860.

**{¶9}** Appellant appeals from his convictions, raising one assignment of error for review.

Law and Analysis

I. Manifest Weight

**{¶10}** In his sole assignment of error, appellant argues that his convictions were against the manifest weight of the evidence.

**{¶11}** In evaluating a challenge to the verdict based on the manifest weight of the evidence in a bench trial,

> the trial court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

*Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, ¶ 16 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *Brooklyn v. Nova*, 8th Dist. No. 83550, 2004-Ohio-3610.

**{¶12}** In the instant case, appellant was convicted of burglary, in violation of R.C. 2911(A)(2), which provides that

> [n]o person, by force, stealth, or deception, shall * * * trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

{¶13} Additionally, appellant was convicted of theft under R.C. 2913.02(A)(1), which provides that: "[n]o person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent[.]"

{¶14} In challenging the weight of the evidence supporting his convictions, appellant maintains that the identification testimony of Officer Mullin was not credible because Officer Mullin testified that he only observed the man in Balestrieri's house for a brief period of time. However, we remain mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the fact-finder to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimonies are credible. *State v. Williams*, 10th Dist. No. 02AP-35, 2002-Ohio-4503.

{¶15} Here, we are unable to conclude that appellant's convictions are against the manifest weight of the evidence. Although appellant maintains his innocence, Officer Mullin testified that he was confident appellant was the individual he initially encountered on the steps of Balestrieri's house. Furthermore, the record reflects that appellant was apprehended while hiding on a neighbor's porch and was found in possession of numerous items taken from Balestrieri's house, all of which Balestrieri confirmed belonged to her. Deferring to the trial court's assessment of the credibility of

the witnesses, as we must, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in convicting appellant of burglary and theft.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR