[Cite as *State v. Jones*, 2016-Ohio-695.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102747**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARRYL JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-583502-A and CR-14-583772-A

**BEFORE:** Laster Mays, J., Jones, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 25, 2016

**ATTORNEY FOR APPELLANT**

Michaele Tyner
Rockside Plaza, Suite 321
1440 Rockside Road
Parma, Ohio 44134

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew J. Santoli
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Darryl Jones ("Jones") was indicted and found guilty of eight counts of rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b); one count of attempted rape, a second-degree felony, in violation of R.C. 2923.02/2907.02(A)(1)(b); 13 counts of gross sexual imposition, a third-degree felony, in violation of R.C. 2907.05(A)(4); and nine counts of kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4). At sentencing, the trial court imposed a sentence of 153 years in prison and five years of postrelease control.

**{¶2}** After a review of the record, we affirm the trial court's convictions and sentence. Jones assigns two errors for our review.

> I. Whether the appellant was denied due process because the evidence presented was not legally sufficient to support convictions for rape, attempted rape, gross sexual imposition, and kidnapping.

> II. Whether the appellant was denied due process because, based on the evidence presented, the jury verdict was against the manifest weight of evidence.

## I. Facts

**{¶3}** Jones was accused of sexually assaulting his four stepdaughters over a period of several years while they were minors. At trial, each testified in detail about the abuse they suffered from Jones. S.D., one of the stepdaughters, testified that she was ten years old when her mother started dating Jones. She testified that Jones took a shower with her, exposed his genitals to her, and forced her to manually stimulate his penis.

Additionally, Jones touched her buttocks, breasts, and vaginal areas. Jones continued to sexually abuse S.D. until she moved out of the house. She testified that she disclosed the abuse to her mother, but her mother did not believe her. In 2012, she again disclosed the abuse to her mother at her sister's birthday party.

{¶4} A.D., another stepdaughter of Jones, testified that Jones sexually abused her by exposing his genitals to her. In addition, he attempted to insert his penis in her vagina several times when she was 12 years old. A.D. also observed Jones performing oral sex on her cousin. During this incident, Jones forced A.D. onto the bed and attempted to force his penis inside of her vagina. This type of abuse continued until A.D. moved out of the house at 18 years old. In 2012, at her birthday party, she disclosed the assault to her mother.

{¶5} J.M., a third stepdaughter of Jones, testified that she was three years old when she first met Jones. When she was in the second grade, Jones pulled down her underwear, touched and licked her vagina. She also observed Jones touching her sister and three of her cousins between their legs while they sat on the couch. J.M. disclosed the inappropriate behavior of Jones to her mother, who was admittedly addicted to crack-cocaine at the time. In 2012, A.D. told her mother about the abuse of J.M., who later spoke with the police about the sexual abuse.

{¶6} L.D., the fourth stepdaughter, testified that Jones began touching her inappropriately when she was seven or eight years old. Jones put his finger into her vagina on a daily basis. When she turned ten years old, Jones started vaginally penetrating her with his penis. L.D. disclosed this to her mother, but her mother did not believe her. L.D. also disclosed the abuse to her aunt who told her to wait until her mother was sober to tell her again. In addition to her mother and aunt, L.D. disclosed the abuse to her therapist. After her sister A.D. revealed the abuse to their mother at her birthday party, L.D. spoke to the police about the incidents.

{¶7} M.D., the mother of the four victims, testified that Jones lived with her and her daughters from 1999 until 2000 when Jones went to prison for two years. Once he was released from prison, Jones moved back in with them in 2002. M.D. testified that she did not remember her daughters disclosing the sexual abuse to her because she was high on drugs and alcohol. The first time she remembers her daughters' disclosure was in 2012 at A.D.'s birthday party.

{¶8} The four victims were unable to testify as to the exact dates the sexual abuse occurred. They vividly remember the exact nature of the abuse, but could only give approximations as to when and where the abuse occurred. However, Jones testified that he lived with victims during the times the sexual abuse took place, with the exception of when he was incarcerated for two years. Detective Durst, who has been working in the Sex Crimes Unit of the Cleveland Police Department for six years, testified that it would be difficult for sexual abuse victims to remember specific dates that occurred 10 to 15

years ago.   He also testified that because of the victims' transient lifestyle, it was even more difficult to have specific memories of dates and locations.

## II.   Sufficiency of the Evidence

{¶9} When an appellate court reviews a claim of insufficient evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.   "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact."   *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶10} Jones contends that he was denied due process because the evidence presented was not legally sufficient to support his convictions for rape, attempted rape, gross sexual imposition, and kidnapping.   "The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial."   *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.   "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."   *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶11} Jones was convicted of rape in violation of R.C. 2907.02(A)(1)(b);

attempted rape in violation of R.C. 2923.02(A)/2907.02(A)(1)(b); gross sexual imposition

in violation of R.C. 2907.05(A)(4); and kidnapping in violation of R.C. 2905.01(A)(4).

The statutes read as follows:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender when any of the following applies: The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

R.C. 2907.02(A)(1)(b).

> No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense [rape], shall engage in conduct that, if successful, would constitute or result in the offense.

R.C. 2923.02(A).

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more persons to have sexual contact when any of the following applies: The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

R.C. 2907.05(A)(4).

> No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally competent, by any means, shall remove another from the place where the other person is found or restrain the liberty or the person, for any of the following purposes: To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will.

R.C. 2905.01(A)(4).

{¶12} Testimonies from all four victims were admitted at trial as evidence. Our

function is to determine whether this evidence, if believed, would convince the average

mind of Jones's guilt beyond a reasonable doubt. The victims' testimony was clear, complete, and descriptive of the sexual abuse they suffered at the hands of Jones. If believed, their testimony was consistent and sufficient to determine that Jones is guilty of rape, attempted rape, gross sexual imposition, and kidnapping.

{¶13} All four of the victims testified that Jones sexually touched them, attempted to vaginally penetrate them, and performed oral sex on them. Taking their testimony as evidence, it is sufficient to find Jones guilty beyond a reasonable doubt. Therefore, Jones's first assignment of error is overruled.

## III.    Manifest Weight of the Evidence

{¶14} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether

> [T]here is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

(Internal citations and quotations omitted.) *Leonard*,104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶15} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541.

Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. *Id.*

Weight is not a question of mathematics, but depends on its effect in inducing belief. *Black's Law Dictionary* 1433 (6th Ed.1990).

**{¶16}** "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

**{¶17}** Jones argues that he was denied due process because, based on the evidence presented, the jury verdict was against the manifest weight of the evidence. "A manifest weight challenge questions whether the state met its burden of persuasion at trial." *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13.

Although an appellate court reviews credibility when considering the manifest weight of the evidence, the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. The trier of fact is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony.

*State v. Kurtz*, 8th Dist. Cuyahoga No. 99103, 2013-Ohio-2999, ¶ 26, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24.

**{¶18}** Jones contends that because there was not any physical, medical, or documentary evidence to substantiate the claims of the four women, the testimonial

evidence is unreliable to be used to convict him. He further contends that because the women were unclear about the exact dates and place the abuse occurred, their testimony is not dependable. However, "a physical injury is not a condition precedent to a conviction for rape; not all rape victims exhibit signs of physical injury." *State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 46. The jury listened to all of the testimony. They were able to observe the witnesses' demeanor, gestures, and voice inflections and used these observations in weighing the credibility of the women. In addition, Detective Durst's testimony further bolstered the argument that it would be difficult for these women to remember exact dates and locations of these incidences that took place a decade ago, especially in light of their transient lifestyle. In looking at the record and all the evidence presented, we determine that the state met its burden of persuasion at trial.

{¶19} Additionally, Jones contends that between July 2000 and March 2002, he was not in the home due to incarceration, therefore, he could not have committed these acts. However, this court recognizes that the state could have amended the dates on the indictment since some reflect dates that Jones was incarcerated, but the state is not required to do so. Because Jones objected to the dates during the preceding, we will review for harmless error.

> Pursuant to Crim.R. 52(A), any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. In order to find an error harmless, a reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. A reviewing court may overlook an error where the admissible evidence comprises "overwhelming" proof of a defendant's guilt. Where there is no

reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal.

*State v. Djuric*, 8th Dist. Cuyahoga No. 87745, 2007-Ohio-413, ¶ 44. Jones has not shown that the court committed an error. Although the initial indictment reflected dates that Jones was incarcerated, it also reflected dates when Jones was residing with the four women. When Jones brought the incorrect dates to the attention of the court, the court responded and stated,

> Well, there is certainly — looking at your record and where you were living throughout this time period there certainly is plenty of time that you were in town to commit these. But I don't know the facts of the case, I'm just looking at the dates of the indictment and your record of incarceration and so that — you're wrong about that, there was plenty of time for you to have committed these just based on that. (Tr. 7.)

**{¶20}** The state was able to show that the offenses took place when Jones was living in the same residences with the four victims. Due to the fact that the women were children when all of the offenses took place, it may be difficult for them to remember exact dates and locations.

> Where crimes constitute sexual offenses against children, indictments need not state with specificity the dates of alleged abuse, so long as the prosecution establishes that the offense was committed within the time frame alleged. This is partly due to the fact that the specific date and time of the offense are not elements of the crimes charged. Moreover, many child victims are unable to remember exact dates and times, particularly where the crimes involved a repeated course of conduct over an extended period of time. The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse. Thus, an allowance for reasonableness and inexactitude must be made for such cases considering the circumstances.

*State v. Yaacov*, 8th Dist. Cuyahoga No. 86674, 2006-Ohio-5321, ¶ 17.   This is the issue in this case.   The women and Jones resided in the same house, were related, and the incidents of abuse occurred during an extended period.   Specificity as to the time and date of an offense is not required in an indictment.

> Under R.C. § 2941.03(E), an indictment or information is sufficient if it can be understood therefrom that the offense was committed at some time prior to the time of filing of the indictment. An indictment is not invalid for failing to state the time of an alleged offense or doing so imperfectly.   The State's only responsibility is to present proof of offenses alleged in the indictment, reasonably within the time frame alleged.

*Id*. at ¶ 16.   The evidence admitted at trial constituted sufficient information that the offense was committed at a time prior to the time of filing of the indictment. Additionally, the state presented proof of the offenses alleged in the indictment within the time frame alleged.     The women may have been unsure of the exact dates of the sexual abuse, but they were confident and clear about the nature of the abuse and the approximate time. Therefore, Jones's second assignment of error is overruled.

{¶21} For the reasons stated in this opinion we affirm the convictions of Jones.

It is ordered that the appellee recover from appellant costs herein taxed.   The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court to carry this judgment into execution.

A certified copy of this entry shall constitute mandate pursuant to Rule 27 of the Rule of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR