[Cite as *State v. Crawford*, 2020-Ohio-268.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                     No. 108138

    v.                                :

JAMES CRAWFORD,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628647-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jillian J. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Myron P. Watson, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, James Crawford ("appellant"), brings the instant appeal challenging his conviction for drug possession. Specifically, appellant argues that the trial court erred in denying his motion to suppress the evidence obtained by the police. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant matter pertains to an incident that occurred during the early morning hours on May 3, 2018, outside of the Three Kings Bar & Lounge ("Three Kings") on Emery Road in Warrensville Heights, Ohio. Sergeant Adam Scherrer of the Warrensville Heights Police Department was patrolling the area around the bar when he detected an odor of marijuana and smoke emanating from an occupied vehicle in the parking lot. He approached the vehicle and encountered appellant and a female passenger inside. Sergeant Scherrer observed, in plain view, marijuana buds and a scale in appellant's hands. He also observed a "burning marijuana cigarette" in the car's ashtray. (Tr. 14.) Appellant admitted to having marijuana inside the vehicle and attempted to turn over the buds, scale, and marijuana cigarette to Sergeant Scherrer.

{¶ 3} Sergeant Scherrer asked appellant to step out of the vehicle. When appellant exited the vehicle, Sergeant Scherrer observed an item enclosed in appellant's hand. Sergeant Scherrer testified that appellant shoved his hand inside his pants. He did not know whether appellant was attempting to conceal something inside his pants, or whether he had something inside his pants that he was trying to retrieve. Based on these observations, and in order to ensure the safety of the officers on the scene, officers conducted a pat-down search of appellant outside of the vehicle. During this search, officers recovered a plastic baggie containing a white powder that was subsequently determined to be cocaine.

{¶ 4} In Cuyahoga C.P. No. CR-18-628647-A, the Cuyahoga County Grand Jury returned an indictment on May 22, 2018, charging appellant with one count of drug possession, a fifth-degree felony in violation of R.C. 2925.11(A). The indictment alleged that appellant possessed less than five grams of cocaine. Appellant pled not guilty during his June 18, 2018 arraignment.

{¶ 5} On October 17, 2018, appellant filed a motion to suppress and a motion for leave to file a suppression motion. Therein, appellant argued that (1) the police conducted an investigatory stop without reasonable suspicion, and as a result, the investigatory stop was an unlawful seizure; (2) the police searched appellant's vehicle without a warrant or probable cause to do so; and (3) the discovery of contraband in appellant's underwear (the cocaine) should be suppressed as fruit of the poisonous tree.

{¶ 6} The state filed a brief in opposition on October 19, 2018. Therein, the state argued that the police had probable cause to search appellant's vehicle and his person, and ultimately place him under arrest. Specifically, the state asserted that the police had probable cause based on (1) the smell of marijuana, (2) drugs were observed in plain view inside the vehicle, and (3) drugs were found on appellant's person.

{¶ 7} The trial court held a suppression hearing on November 8, 2018. Sergeant Scherrer and appellant testified during the suppression hearing. Sergeant Scherrer's testimony will be set forth in further detail below. Appellant acknowledged that (1) he had marijuana buds inside the vehicle "in visible sight,"

(2) he had a scale inside the vehicle, and (3) he attempted to conceal or "tuck" the marijuana when Sergeant Scherrer approached the vehicle. Appellant explained that he attempted to conceal the buds and scale in his hands, but turned the items over when Sergeant Scherrer confronted him about his furtive movement. In addition to these items, appellant retrieved a glass jar from the center console and the cigarette in the vehicle's ashtray and also turned them over to Sergeant Scherrer. Appellant maintained that he had not been smoking marijuana in the vehicle at the time of the encounter with Sergeant Scherrer. Finally, appellant testified that he was merely adjusting his underwear when he stepped out of the vehicle, and that he did not attempt to conceal anything inside his pants.

{¶ 8} The parties presented closing arguments to the trial court on November 9, 2018. At the close of the suppression hearing, the trial court denied appellant's motion to suppress.

{¶ 9} On November 13, 2018, appellant withdrew his not guilty plea and entered a plea of no contest to the drug possession count. Based on the evidence proffered by the state, the trial court found appellant guilty. The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶ 10} The trial court held a sentencing hearing on December 19, 2018. The trial court sentenced appellant to community control sanctions for a term of two years.

{¶ 11} On January 18, 2019, appellant filed the instant appeal challenging the trial court's judgment. Appellant assigns one error for review:

I. The trial court erred and abused its discretion when it denied the appellant's motion to suppress evidence.

## II. Law and Analysis

### A. Motion to Suppress

{¶ 12} In his sole assignment of error, appellant challenges the trial court's judgment denying his motion to suppress.

### 1. Standard of Review

{¶ 13} The Fourth and Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. Warrantless searches are per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Evidence obtained from an unreasonable search or seizure must be suppressed. *Mapp v. Ohio*, 367 U.S. 643, 651, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

{¶ 14} This court reviews a trial court's ruling on a motion to suppress under a mixed standard of review.

> "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). The reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. With respect to the trial court's conclusion of law, the reviewing court applies a de novo standard of review and decides whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

*State v. Miller*, 8th Dist. Cuyahoga No. 106946, 2018-Ohio-4898, ¶ 22.

### 2. Investigatory Stop

{¶ 15} First, appellant argues that the trial court erred in denying his motion to suppress because his Fourth Amendment rights were violated when the police conducted an investigatory stop without the requisite reasonable suspicion.

{¶ 16} As noted above, warrantless searches and seizures are per se unreasonable unless an exception applies. One well-known exception to the warrant requirement is an investigative stop or a *Terry* stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶ 17} An investigatory stop is permissible if an officer has a reasonable suspicion, based on specific and articulable facts, that an individual may be involved in criminal activity. *Id.* at 21-22. The propriety of an investigative stop must be viewed in light of the totality of the circumstances. *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus; *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus, *cert. denied*, 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252 (1988).

{¶ 18} In the instant matter, appellant appears to argue that Sergeant Scherrer did not have reasonable suspicion to approach the vehicle in the first place and initiate the investigatory *Terry* stop. In support of his argument, appellant asserts that he was lawfully parked in the parking lot, and that the officers "never recovered any remnants of any burnt marijuana residue." Appellant's brief at 7.

{¶ 19} Sergeant Scherrer testified that on the night in question, he was on patrol in the general vicinity of Three Kings on Emery Road in Warrensville Heights, Ohio. He explained that this particular area is known to him and the police

department "for being a haven for drugs, liquor law violations, guns, fights." (Tr. 10.)

{¶ 20} During his shift, Sergeant Scherrer was walking around in the parking lot, writing parking tickets, and trying to prevent fights. As he was walking around the bar's main parking lot, he "smelled an odor of burning marijuana." (Tr. 11.) He explained, "[marijuana is] a very distinct odor. I've been to school for drugs, drug interdiction, made hundreds of drug arrests. So I started looking around for occupied vehicles." (Tr. 12.)

{¶ 21} After detecting the odor of marijuana, he observed a silver Buick Rendezvous parked crookedly in the parking lot with its lights on and engine running. The Buick was the only occupied vehicle in the vicinity where he detected the odor of marijuana. Sergeant Scherrer noticed that all four of the vehicle's windows were rolled down, and observed "smoke emanating from the vehicle." (Tr. 19.)

{¶ 22} Based on these observations, Sergeant Scherrer initiated an investigatory *Terry* stop. He approached the driver's side of the vehicle, activated his flashlight and saw a male in the driver's seat, later identified as appellant, and a female passenger in the front passenger's seat. Upon further inquiry, Sergeant Scherrer observed marijuana buds and a scale in appellant's hands, in plain view. Additionally, he observed a "burning marijuana cigarette" in the car's ashtray. (Tr. 14.) During this initial encounter between Sergeant Scherrer and appellant,

appellant admitted to using marijuana and he attempted to turn over the marijuana buds, scale, and marijuana cigarette to Sergeant Scherrer.

{¶ 23} Sergeant Scherrer asked appellant if there were any other drugs inside the vehicle. Appellant "opened up the center console, he pulled out a glass Mason jar which had another bag of marijuana in it. I had him put all the items inside of the jar for the ease of evidence collection at that point in time, because we're out in the parking lot." (Tr. 14.)

{¶ 24} Sergeant Scherrer's testimony during the suppression hearing was consistent with the "probable cause synopsis" in the May 10, 2018 complaint summary. The synopsis provides, in relevant part:

> On 5/3/18 around 1:25am, Sgt. Scherrer was walking through the parking lot of the [Three Kings], located at 21899 Emery Rd, Warrensville Hts, when he smelled a strong odor of marijuana. Upon checking the parking lot, Sgt. Scherrer found that the smoke was coming from a silver Buick Rendezvous, which was occupied by two people. Upon making contact with the occupants, the driver, [appellant] and the front seat passenger, Kenyata Parker, Sgt. Scherrer saw that [appellant] was holding a marijuana cigarette. Upon further investigation, [appellant] was found to have a small plastic bag of suspected powder cocaine hidden in the crotch area of his pants. A [field] test and weight was done and the powder tested positive for cocaine and it had a field weight of under 5 grams.

{¶ 25} After reviewing the record, and based on the totality of the circumstances, we find that Sergeant Scherrer had a reasonable suspicion, supported by specific and articulable facts, that appellant was engaged in criminal activity justifying the investigatory *Terry* stop. Although appellant maintains that he was lawfully parked, Sergeant Scherrer testified that the vehicle from which the

odor of marijuana and smoke were emanating was "parked crooked in a parking spot[.]" (Tr. 12.) Furthermore, appellant's argument regarding the lack of "burnt marijuana residue" recovered inside the vehicle is misplaced. Appellant's brief at 7. As noted above, although appellant denied smoking inside of the vehicle, Sergeant Scherrer testified that the marijuana cigarette was burning when he approached the vehicle and spoke with appellant. Assuming, arguendo, that (1) the cigarette or cigar recovered from the vehicle's ashtray contained tobacco and not marijuana, and (2) the cigarette or cigar was not "burning" during appellant's encounter with Sergeant Scherrer, Sergeant Scherrer observed — in plain view — marijuana buds and a scale which appellant admitted to possessing and attempted to turn over to Sergeant Scherrer.

{¶ 26} Finally, appellant appears to argue that the trial court erred in believing the testimony of Sergeant Scherrer during the suppression hearing rather than appellant's testimony that he and his passenger were merely having a conversation inside the vehicle and not smoking marijuana.

{¶ 27} It is well-established that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact is uniquely situated to view the witnesses' demeanor, gestures, facial expressions, and voice inflections. In the instant matter, the trial court, as the trier of fact, was in the best

position to assess the credibility of Sergeant Scherrer and appellant during the suppression hearing.

{¶ 28} Accordingly, appellant's sole assignment of error is overruled in this respect.

### 3. Search of Appellant's Person

{¶ 29} Appellant further argues that the trial court erred in denying his motion to suppress because his Fourth Amendment rights were violated when the police "conducted a full custodial search of appellant's person" without a reasonable and objective basis to do so. In support of his argument, appellant contends that Sergeant Scherrer did not have a reasonable objective basis to believe that appellant was armed and dangerous. Appellant's argument is misplaced and unsupported by the record.

{¶ 30} Sergeant Scherrer asserted that he searched appellant based on his observation that appellant was attempting to conceal something after he exited the vehicle. When appellant exited the vehicle, he turned away from Sergeant Scherrer and "tried to start shoving an unknown item or tried to retrieve an unknown item — I wasn't sure at that point in time — from his crotch area." (Tr. 15.) Based on his training, experience, and police protocol, it is typical for officers to search an individual who attempts to conceal something, "especially not knowing what [appellant] had, whether it was a weapon or additional narcotics." (Tr. 17.)

{¶ 31} On cross-examination, Sergeant Scherrer testified that when appellant exited the vehicle, "[appellant] now had something enclosed in his hand and shoved

it down the front of his pants, and he would not take his hand out of his pants after being given numerous commands to do so." (Tr. 27.) Sergeant Scherrer confirmed again that he did not know what appellant had in his pants, whether he had shoved something into his pants or was attempting to retrieve something out of his pants, or whether the item appellant was attempting to conceal or retrieve was drugs or a weapon.

{¶ 32} For all of these reasons, the record reflects that Sergeant Scherrer had a reasonable suspicion, supported by specific and articulable facts, that appellant was engaged in criminal activity justifying the *Terry* stop and search of appellant's person. Based on the totality of the circumstances and Sergeant Scherrer's observations before approaching the vehicle, during his encounter with appellant, and after appellant exited the vehicle, we find that Sergeant Scherrer's actions were reasonable and that he had a reasonable articulable suspicion to search appellant's person for additional narcotics, contraband, and any weapons.

{¶ 33} Sergeant Scherrer explained that his primary concern based on his observation of appellant shoving his hand inside his pants was officer safety. He is trained and experienced in conducting pat-down searches in situations like this for officer safety. In his experience as a law enforcement officer, individuals can conceal the following items in their pants: "[g]uns, knives, brass knuckles, saps. There's been plenty documented instances where handcuffed prisoners who are not properly searched by officers were to retrieve items that were concealed in their crotch or buttocks area that either shoot themselves or shoot officers." (Tr. 36.)

Finally, Sergeant Scherrer confirmed that "[w]e just checked the area that [appellant] had shoved his hand into immediately to retrieve *for officer safety*, whatever the item was." (Emphasis added.) (Tr. 36.)

{¶ 34} Furthermore, citing Sergeant Scherrer's testimony on cross-examination that he is "always in fear of his safety," appellant appears to argue that Sergeant Scherrer conducted the pat-down search of appellant's person based on this general fear rather than reasonable articulable suspicion that appellant had drugs, contraband, or a weapon on his person. Appellant's argument is misplaced and unsupported by the record.

{¶ 35} During cross-examination, Sergeant Scherrer testified that he is always in fear for his safety when he is "standing at a vehicle" and when he is "dealing with somebody in [a law] enforcement encounter." (Tr. 37-38.) The record reflects, however, that this general fear when dealing with an individual or suspect was not the basis upon which he conducted the pat-down search of appellant. Sergeant Scherrer confirmed that during his encounter with appellant, he became fearful of his safety "[w]hen [appellant] reached into his pants." (Tr. 39.) When appellant reached inside his pants, Sergeant Scherrer either began to or did, in fact, draw his weapon. (Tr. 38.) Sergeant Scherrer explained that when appellant reached inside his pants, "I don't know what he was going for. I'm going home to my wife and three kids." (Tr. 37.)

{¶ 36} Finally, during oral arguments, appellant argued that officers did not conduct a protective pat-down search of appellant's person for officer safety

purposes, but rather conducted an impermissible search to look for additional contraband. Appellant's argument is misplaced and unsupported by the record. As noted above, the search of appellant's person was conducted for two primary purposes: (1) to determine whether appellant was attempting to conceal the item that was in his hands when he exited the vehicle, and if so, what the item was; and (2) to ensure that appellant was not attempting to retrieve a weapon from inside of his pants with which to harm the officers on scene.

{¶ 37} Based on the foregoing analysis, we find that the police lawfully conducted the investigatory *Terry* stop and lawfully searched appellant's person based on the totality of the circumstances and Sergeant Scherrer's observations before and during his encounter with appellant. Appellant's sole assignment of error is overruled in this respect.

### 4. Search of Appellant's Vehicle

{¶ 38} Finally, to the extent that appellant challenges the search of the vehicle, we find no merit to this argument.

{¶ 39} Sergeant Scherrer acknowledged that appellant attempted to hand him the marijuana buds and scale that had been in his hands, and the burnt cigar that was in the ashtray. However, the record reflects that Sergeant Scherrer had a reasonable articulable suspicion that there were more drugs inside the vehicle. Sergeant Scherrer testified that when he approached the vehicle and shined his flashlight inside, "[appellant] attempted to conceal something in the [center] console. I advised him [to] stop, I've already seen the drugs, let's cut the games. He

handed — tried to hand me the [marijuana] buds and the scale, which was what the object was in his left hand." (Tr. 14.) Based on these observations, which led Sergeant Scherrer to believe that there may be additional narcotics or contraband inside the vehicle, officers searched the area "where [appellant] had made the furtive movement" after appellant exited the vehicle. (Tr. 16.)

{¶ 40} Even if appellant had not made any furtive movements or attempted to conceal items inside the vehicle, Sergeant Scherrer testified that under similar circumstances where he smells marijuana inside of a vehicle, he asks the occupants to exit the vehicle. Sergeant Scherrer opined that he has had "[h]undreds" of previous encounters during which he smelled marijuana inside a vehicle and asked the occupants to step out of the vehicle. (Tr. 15.) He explained that in the present matter, as in similar circumstances, he asked appellant to exit the vehicle in order to "[s]earch him based off probable cause that there may be more drugs on his person." (Tr. 15.) On cross-examination, Sergeant Scherrer testified that even though he was only going to issue a citation for marijuana possession, rather than arresting appellant, police protocol and procedure would still be to search the car and conduct a "probable cause search." (Tr. 26.)

{¶ 41} For all of these reasons, the record reflects that Sergeant Scherrer had a reasonable suspicion, supported by specific and articulable facts, that appellant was engaged in criminal activity justifying the *Terry* stop and search of appellant's vehicle. Based on the totality of the circumstances and Sergeant Scherrer's observations before approaching the vehicle and during his encounter with

appellant, we find that Sergeant Scherrer's actions were reasonable and that he had a reasonable articulable suspicion to search the vehicle for additional narcotics, contraband, and any weapons.

{¶ 42} Appellant's sole assignment of error is overruled to the extent that he challenges the search of the Buick Rendezvous.

### III. Conclusion

{¶ 43} After reviewing the record, we find no basis upon which to conclude that the trial court erred in denying appellant's motion to suppress. Based on his observations and the totality of the circumstances present in this case, we find that Sergeant Scherrer had a reasonable and articulable suspicion to initiate an investigatory *Terry* stop, search appellant's vehicle, and conduct the pat-down search of appellant's person.

{¶ 44} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and

LARRY A. JONES, SR., J., CONCUR