[Cite as *State v. Colegrove*, 2015-Ohio-3476.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   102173

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMAR COLEGROVE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-583355-A

**BEFORE:** Celebrezze, A.J., E.A. Gallagher, J., S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 27, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair
Suite 212
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Ashley B. Kilbane
          Stephanie Anderson
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

**{¶1}** Appellant, Jamar Colegrove, appeals his robbery conviction claiming it is unsupported by sufficient evidence, against the manifest weight of the evidence, and the court improperly allowed other acts evidence to taint his trial. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** An indictment was filed on March 13, 2014, charging appellant with two counts of robbery — violations of R.C. 2911.02(A)(2). Appellant was declared indigent, and counsel was assigned. The indictment and bill of particulars alleged that appellant robbed Dale Hancock on July 28, 2013, and Monique Sampson on July 30, 2013. Discovery was exchanged, and a trial date was set. However, on the eve of trial, the prosecutor was informed by the victims that they would not testify because appellant's family members were attempting to prevent them from appearing. Relying on recordings of appellant's jailhouse phone calls, the state filed a motion seeking to have hearsay statements of the victims admitted as a result of appellant's improper attempts to prevent them from testifying at trial. The court did not grant this motion, but did grant the state's other motions seeking material-witness warrants to compel the victims to testify.

**{¶3}** On August 11, 2014, after a jury waiver was executed, a bench trial commenced. There, Hancock, Sampson, and a number of police officers testified. At the close of the state's case, the trial court granted appellant's Crim.R. 29 motion in part

by dismissing the count of robbery related to Sampson. At the close of trial, appellant was found guilty of the remaining count of robbery. The trial court ordered a presentence investigation report and set a sentencing date. The trial court conducted a combined sentencing hearing encompassing this case as well as several other pending cases. Relevant to this appeal, appellant received a five-year prison term for the robbery conviction and was informed of a three-year term of postrelease control following release from prison. Appellant filed the instant appeal assigning three errors for review:

> I. The trial court erred in denying Appellant's motion for acquittal as to the charge when the state failed to present sufficient evidence to sustain a conviction.

> II. Appellant's conviction is against the manifest weight of the evidence.

> III. The trial court erred when it admitted other acts testimony in violation of R.C. 2945.59, Evid.R. 404(B) and Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

## II. Law and Analysis

### A. Sufficiency

{¶4} Appellant first argues his robbery conviction is not supported by sufficient evidence and, therefore, the court erred in denying his Crim.R. 29 motion for acquittal.

{¶5} A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 13. Crim.R. 29 requires the trial court to issue a judgment of acquittal where the evidence presented by the state is

insufficient to sustain a conviction for an offense. *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, ¶ 21. This court reviews the denial of such a motion using the same standard employed in a sufficiency claim. *Id*. at ¶ 21-23, citing *Cleveland v. Pate*, 8th Dist. Cuyahoga No. 99321, 2013-Ohio-5571, citing *State v. Mitchell*, 8th Dist. Cuyahoga No. 95095, 2011-Ohio-1241.

{¶6} The state has the burden of proving each element of a charged offense. A claim that a conviction is unsupported by sufficient evidence tests whether the state has met its burden of production at trial. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). This court must determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25.

{¶7} In support of its case, the state presented the testimony of Dale Hancock. He testified that he dated appellant's mother for a short period of time before July 28, 2013, but had known her for many years. Hancock stated appellant had argued with him about the romantic relationship that existed between Hancock and appellant's mother. In

the early morning hours of July 28, 2013, Hancock had been drinking at a friend's house on Guardian Boulevard in Cleveland, Ohio. He left after midnight and was walking toward Bellaire Road to catch a bus. He was walking with his bicycle, which he testified had a flat tire. As he passed a friend's house, he said hello to some people on the porch. Hancock testified he saw Anthony Smith, who lived in the home, and stopped to say hello. When Smith responded by using Hancock's first name, two men who were with Smith started to come toward Hancock threatening him. Hancock identified one of the males as appellant. Appellant was shouting "you better stop messing with my mom." Hancock began to walk as quickly as he could toward Bellaire. However, Hancock testified he recently had surgery and could not go very fast. When appellant and the other unknown individual were about to catch up to Hancock, he testified he dropped his bike and turned to square up to the individuals pursuing him. He slipped on the curb and fell to the ground. The two men then starting hitting and kicking him. Appellant then went through his pockets and stole roughly $180, a pack of cigarettes, a lighter, and his keys.

{¶8} A woman stopped her car and shouted at the two males to stop beating Hancock. Someone also called 911 and reported that three men were beating up an individual at the corner of Bellaire and Guardian. According to Hancock, appellant and the other male then walked away. Hancock remained on the ground and waited for police and emergency personnel to arrive. He was transported to Lakewood Hospital and treated for multiple contusions to his head and body.

**{¶9}** Hancock's testimony clearly establishes a violation of R.C. 2911.02(A)(2) for robbery. This statute provides in pertinent part that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another * * *." Hancock's testimony satisfies all of these elements. He positively identified appellant as one of his attackers on July 28, 2013.[1] He testified appellant caused physical harm by hitting and kicking him. Appellant took money and other items from him. Therefore, appellant's conviction for robbery is supported by sufficient evidence.

## B. Manifest Weight

**{¶10}** In contrast to a challenge based on sufficiency of the evidence, a manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion rather than production. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. When considering a claim that a conviction is against the manifest weight of the evidence, this court sits as a "thirteenth juror" and may disagree "with the factfinder's resolution of conflicting testimony." *Thompkins* at 387. The weight-of-the-evidence standard "addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387.

---

[1] This includes both an in court identification as well as a previous photo array lineup as testified to by Cleveland Police Detective Robert Miles.

**{¶11}** This court reviews the entire record, weighs the evidence and all reasonable inferences, considers the witnesses' credibility and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of the witnesses are primarily for the trier of fact to assess. *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact is in the best position to make credibility determinations because this court cannot view the demeanor of a witness while testifying. Therefore, the trier of fact is in the best position to determine if the proffered testimony is credible. *State v. Holloway*, 8th Dist. Cuyahoga No. 101289, 2015-Ohio-1015, ¶ 42, citing *State v. Kurtz*, 8th Dist. Cuyahoga No. 99103, 2013-Ohio-2999, ¶ 26. Reversal on manifest weight grounds is reserved for the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *Martin* at 175.

**{¶12}** Appellant claims there is no evidence of robbery because Hancock's testimony is unbelievable, contradicted by other evidence, and wholly unreliable.

**{¶13}** First, appellant argues that Hancock's criminal history casts doubt on the veracity of his testimony. Hancock does indeed have a lengthy criminal history that was explored on cross-examination. Nothing in that history would lead this court to conclude

that appellant was not attacked on July 28, 2013, by appellant and at least one other man. Hancock established that he knew appellant and that appellant had confronted Hancock about his displeasure that Hancock was romantically involved with appellant's mother. Hancock testified that appellant had warned him to stay away from the area where his mother lived — a short distance from where he was attacked. Someone called 911 and the tape of that call was played in court. The caller described the attack. It differed somewhat from Hancock's account in that the caller indicated three men, rather than two, had jumped an individual and were beating him up, but that does not diminish Hancock's identification of appellant as one of those men.

{¶14} Even if he attacked Hancock, appellant argues that the only evidence that he took anything from Hancock was concocted by Hancock long after the attack. He claims, pointing to the medical records generated by Lakewood Hospital, that Hancock did not inform anyone there that he had been robbed.

{¶15} The medical records admitted as evidence at trial include a narrative describing the events that caused Hancock to need treatment. This intake narrative includes a statement that Hancock had been beaten and his "cast" stolen. Because Hancock did not have a cast, it is likely that Hancock indicated his "cash" was stolen and the person dictating the narrative misunderstood the word as "cast" or a clerical error occurred. Even if the statement was accurately recorded, it is still a statement that property was taken. In any event, Hancock testified he told hospital personnel he had been beaten and robbed.

**{¶16}** The medical records also indicated that Hancock told medical personnel that he was hit with a rock or brick. This account conflicts with his trial testimony where he said he was punched, kicked, and stomped. The police report that was used on cross-examination also indicated that Hancock reported to police that he was pulled from his bike by the two attackers. This also conflicts with his trial testimony where he stated that he was walking with his bike because it had a flat tire.

**{¶17}** These inconsistencies, however, do not cast serious doubt on appellant's role in the beating and robbery of Hancock. The important aspects of Hancock's testimony remained largely consistent over time, including the identity of appellant as one of his attackers. Appellant's conviction for robbery is not against the manifest weight of the evidence.

### C. Other Acts Evidence

**{¶18}** Appellant finally claims that the court erred in allowing the state to elicit improper other acts testimony that prejudiced him and created an unjust result.

**{¶19}** The complained of evidence largely consists of jail-house recordings of phone conversations appellant had with his brother and Hancock's testimony that appellant's brother attempted to prevent him from testifying. Monique Sampson also testified to being contacted by people claiming to be appellant's family members and being pressured not to testify against him but that she did not feel intimidated.

**{¶20}** This is not other acts evidence. With limited exception outlined in the rule, Evid.R. 404(B) prohibits the introduction of other acts that "prove the character of a

person in order to show that he acted in conformity therewith." This relates only to acts wholly independent of the charged crimes. *State v. Woodard*, 68 Ohio St.3d 70, 73, 623 N.E.2d 75 (1993). "[E]vidence of threats or intimidation of witnesses reflect a consciousness of guilt and are admissible as admission by conduct." *State v. Soke*, 105 Ohio App.3d 226, 250, 663 N.E.2d 986 (8th Dist.1995), citing *State v. Richey*, 64 Ohio St.3d 353, 357, 595 N.E.2d 915 (1992). Intimidation of a witness is not independent of the charged offense; it is an indicator of guilt. *Id.*, citing *State v. Leonard*, 4th Dist. Lawrence No. CA92-12, 1993 Ohio App. LEXIS 2725 (May 21, 1993); *State v. Reese*, 8th Dist. Cuyahoga Nos. 53115 and 53116, 1988 Ohio App. LEXIS 272 (Jan. 7, 1988).

**{¶21}** Further, acts committed by appellant's brother or other family members to suppress witness testimony are admissible against appellant. *State v. Williams*, 8th Dist. Cuyahoga No. 89461, 2008-Ohio-1948, ¶ 25 ("Attempts by persons other than the accused to suppress evidence is admissible against the accused where the accused is connected to such attempts."). Here, appellant made jailhouse phone calls where he asked others to attempt to influence the testimony of victims in the criminal case. Appellant can fairly be said to be connected to attempts made to influence the witnesses against him. Therefore, the complained of evidence does not qualify as prohibited Evid.R. 404(B) evidence.

**{¶22}** The only argument left is that the court improperly admitted or allowed Hancock's testimony that appellant's whole family is "wild." Hancock testified "they are all wild, his whole family. It's ridiculous. They are all the same. They are all just

wild." This isolated comment about appellant and his family members does not reflect that a manifest injustice occurred that unfairly prejudiced appellant. This was a bench trial where the trial judge is presumed to consider only proper evidence. *State v. Chandler*, 8th Dist. Cuyahoga No. 81817, 2003-Ohio-6037, ¶ 17, citing *State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987). Appellant's counsel objected to the question posed by the prosecutor about whether Hancock felt intimidated. The question was not improper. The resultant answer was objectionable, but counsel did not move to strike. Therefore, it is not a situation where the court overruled an objection to improper evidence as was the case in *State v. Schillo*, 8th Dist. Cuyahoga No. 100080, 2014-Ohio-2262.

**{¶23}** The question, when read in context, was not designed to elicit improper testimony. The state did not draw attention to the answer or comment on it. There is also no suggestion in the record that the court considered this improper comment when rendering its decision. Appellant has not rebutted the above presumption that the court considers only proper evidence. *See State v. Campbell*, 8th Dist. Cuyahoga Nos. 100246 and 100247, 2014-Ohio-2181, ¶ 20-23.

**{¶24}** Appellant's third assignment of error is overruled.

### III. Conclusion

**{¶25}** Appellant's robbery conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Appellant's acts and evidence related to

the attempted interference with the testimony of witnesses was not improper other acts evidence. It is admissible evidence of consciousness of guilt.

**{¶26}** Judgment affirmed.

**{¶27}** It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR