[Cite as *Cleveland v. Rudolph*, 2022-Ohio-2363.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                                    No. 111128

    v.                                   :

CHRISTOPHER G. RUDOLPH,               :

    Defendant-Appellee.          :

[Appeal by S.W.]                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 7, 2022

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021 TRD 013573

---

### *Appearances:*

Ohio Crime Victim Justice Center, and Latina Bailey, *for appellant* S.W.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee* Christopher G. Rudolph.

Mark Griffin, Cleveland Law Director, Aqueelah Jordan, Chief Prosecuting Attorney, and Stephen F. Gorczyca, Assistant Prosecuting Attorney, *for appellee* City of Cleveland.

EILEEN T. GALLAGHER, J.:

{¶ 1} Victim-appellant, S.W., appeals from the conviction and sentence of defendant-appellee, Christopher G. Rudolph ("Rudolph"). He claims the following errors:

> 1. The trial court erred when it denied victim-appellant, S.W., the opportunity to be present and heard during the plea and sentencing hearing in violation of Article I, Section 10a(A)(2) and (3) of the Ohio Constitution.
>
> 2. The trial court erred in its journal entry by refusing to order defendant-appellee to pay full and timely restitution to victim, S.W., in violation of Article I, Section 10a(A)(7).

We find that because the victim asserted his rights under Marsy's Law by requesting notice and an opportunity to be present at all public proceedings in this case, the trial court erred in sentencing Rudolph in the victim's absence. Accordingly, we reverse the trial court's judgment and remand the case to the trial court for resentencing.

## I. Facts and Procedural History

{¶ 2} Rudolph was charged in the Cleveland Municipal Court with one count of driving without a valid driver's license, in violation of Cleveland Codified Ordinances ("C.C.O.") 435.01(A), and one count of failing to stop after an accident, in violation of C.C.O. 435.16. The charges arose from an accident in which Rudolph struck and damaged S.W.'s parked car. The prosecutor advised the court at a plea hearing that the damage to S.W.'s car amounted to approximately $2,000, but no documentary evidence was submitted to verify the damage. The prosecutor stated, in relevant part:

Apparently, there's restitution in this case that comes to about $2,000, that's with the deductible. I, actually, do not have proof of that.

[Defense counsel] has brought it to my attention that this defendant is indigent and really cannot, you know, afford this restitution or if he were, it would be a significant amount of time before he'd pay it off or a substantial hardship.

(Tr. 3.) The prosecutor proposed that if Rudolph agreed to plead guilty to the amended charges, the city would dismiss charges pending in another, unrelated case. (Tr. 4.)

{¶ 3} Pursuant to the plea agreement, Rudolph pleaded no contest to one count of "license required to operate," in violation of C.C.O. 435.01, and one count of failure to control, in violation of C.C.O. 431.34(a), as amended. The prosecutor did not pursue restitution and, before the trial court made a finding of guilt, the judge told Rudolph that with respect to restitution, "this will become a civil matter and if you're not collectible, you're just not collectible, but that's for somebody else in another courtroom." (Tr. 5.) The court then found Rudolph guilty of the amended charges and sentenced him to $100 in fines on each count. The court allowed Rudolph to perform 20 hours of community service in lieu of fines and costs.

{¶ 4} S.W. was not present at any of the trial court proceedings even though the first prosecutor assigned to the case, who was not present at the plea hearing, had been in "constant contact" with him. (Tr. 3.) Although not evident from the record, S.W. maintains on appeal that he asserted his rights under Marsy's Law, Article I, Section 10a of the Ohio Constitution, and requested notice and an opportunity to be heard at all public proceedings in this case. S.W. further contends

that despite being informed of S.W.'s request for restitution, the city prosecutor failed to seek restitution, the court made no findings on the record as to restitution, and the court did not order restitution. S.W. now brings this appeal, arguing his rights under Marsy's Law were violated.

## II. Law and Analysis

### A. Right to Appeal

{¶ 5} As a preliminary matter, we note that before filing a merit brief, Rudolph filed a motion to dismiss this appeal, arguing that because S.W. was not a party to the case, he does not have the right to appeal the court's judgment. Despite the fact that this court denied the motion, Rudolph again argues in his merit brief that this appeal should be dismissed because S.W. does not have the right to a direct appeal and that S.W. should have filed a writ instead.

{¶ 6} Article I, Section 10a(B) of the Ohio Constitution provides that if a crime victim is denied relief in the trial court, "the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition."

{¶ 7} This court denied Rudolph's motion to dismiss pursuant to *Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, ¶ 41. In that case, the Ohio Supreme Court held, in relevant part, that "the undefined term 'petition' in Section 10a(B) is broad enough to encompass an original action *or* appellate review." (Emphasis sic.) *See also State v. Beach*, 10th Dist. Franklin No. 20AP-589, 2021-Ohio-4497, ¶ 13 (holding "it is reasonable to read Article I, Section 10a(B) of the

Ohio Constitution in conjunction with *McGinty*, as conferring upon a victim to a criminal case standing to appeal, in certain circumstances, where no such right existed before."). Having previously determined that S.W. has the right to directly appeal the alleged violation of his rights under Marsy's Law, we decline to revisit the issue.

### B. Victim's Right to Notice and Opportunity to be Heard

{¶ 8} In the first assignment of error, S.W. argues the trial court violated his rights under Marsy's Law because S.W. did not receive notice and an opportunity to be heard at the sentencing hearing. S.W. asserts that had he received notice of the sentencing hearing, he would have appeared and maintained his right to restitution pursuant to Article I, Section 10a(A)(7), which guarantees a victim the right to "full and timely restitution from the person who committed the criminal offense or delinquent act against the victim."

{¶ 9} Article I, Section 10a(A)(2) provides that victims have the right "upon request, to reasonable and timely notice of all public proceedings involving the criminal offense * * * against the victim, and to be present at all such proceedings." S.W. asserts he requested notice of all public proceedings during conversations he had with the first prosecutor assigned to the case. Although there is nothing in the record indicating that the victim requested notice, the second prosecutor assigned to the case mentioned at the sentencing hearing that the first prosecutor had "constant contact" with S.W. (Tr. 3.)

{¶ 10} In addition, the city filed a written notice of conceded error on appeal and reiterated the city's concession of error at oral argument, stating that the victim sought restitution and requested notice of all public hearings. The city also informed the trial court of the error in a motion for reconsideration, noting that the victim had communicated his desire to pursue restitution and that it was due to the city's error that the victim was not informed of the plea and sentencing hearings. (Motion for reconsideration p. 1-2.)

{¶ 11} A trial court cannot reconsider a valid final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936 (8th Dist.1986). Nevertheless, the motion for reconsideration provides further evidence that the victim requested notice and an opportunity to be present at all public proceedings in order to pursue his claim of restitution. Having made such a request, the victim was entitled to notice and an opportunity to be heard under Marsy's Law. Proceeding to sentencing in the victim's absence was, therefore, a violation of the victim's rights under Marsy's Law.

{¶ 12} The first assignment of error is sustained.

## C. Restitution

{¶ 13} In the second assignment of error, S.W. contends the trial court violated his rights under Marsy's Law by failing to order Rudolph to pay full and timely restitution in violation of Article I, Section 10a(A)(7) of the Ohio Constitution.

{¶ 14} Article I, Section 10a(A)(7) provides that victims of a crime are entitled "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim."

{¶ 15} Marsy's Law defines the term "victim" as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." Article I, Section 10a(D) of the Ohio Constitution. Rudolph's charges and convictions arose from an accident in which Rudolph struck and damaged S.W.'s vehicle. Therefore, S.W. is a victim for purposes of Marsy's Law.

{¶ 16} With respect to restitution, the Ohio Supreme Court recently explained that

> Marsy's Law * * * does not provide a procedural mechanism for ordering restitution. It merely states that a victim may assert his or her constitutional rights in any proceeding involving the underlying criminal act. Article I, Section 10a(B).

*Centerville v. Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219, 166 N.E.3d 1167, ¶ 18. In other words, an award of restitution is not automatic. To the contrary, Marsy's Law imposes a legal duty on the trial court to provide for "full and timely restitution" in accordance with the procedures set forth in R.C. 2929.18. *Ohio v. Oliver*, 2021-Ohio-2543, 176 N.E.3d 1054, ¶ 58 (12th Dist.), citing *State ex rel. Howery v. Powers*, 2020-Ohio-2767, 154 N.E.3d 146 (12th Dist.).[1]

---

[1] A victim's right to full restitution supersedes the criminal defendant's inability to pay. *Oliver* at ¶ 70.

{¶ 17} Under R.C. 2929.18(A)(1), a trial court may order restitution to the victim of the offender's crime in an amount that does not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. In determining the appropriate amount of restitution, the court "may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information[.]" R.C. 2929.18(A)(1); *see also State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, paragraphs one and two of the syllabus. Moreover, the amount of the restitution imposed "'must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty.'" *State v. Johnson*, 2018-Ohio-3670, 119 N.E.3d 914, ¶ 55 (8th Dist.), quoting *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999).

{¶ 18} Whether a defendant is unable to pay the amount of restitution is irrelevant under Marsy's Law. In *Oliver*, the Twelfth District considered the conflict between an offender's rights as set forth in R.C. 2929.19(B)(5), which requires a trial court to consider an offender's ability to pay before ordering restitution, and the trial court's legal duty to provide victims with full and timely restitution in accordance with Marsy's Law. In finding that the provisions of Marsy's Law supersede the defendant's rights under R.C. 2929.19(B)(5), the *Oliver* court explained:

> Marsy's Law provides that in instances where the provisions of Marsy's Law conflict with previously enacted statutes, the constitutional provision "shall supersede" the conflicting state law. Article I, Section

10a(E), Ohio Constitution. This is consistent with the well-settled law in Ohio that where constitutional provisions and the legislative enactment are "so clearly in conflict that they cannot both stand the statutory provision must fall." * * * Such a conflict exists here, and in accordance with Ohio law, we conclude Marsy's Law supersedes R.C. 2929.19(B)(5) to the extent the statute allows the trial court to reduce or otherwise modify the restitution amount owed to a victim.

*Oliver* at ¶ 71, quoting *State ex rel. Price v. Huwe*, 105 Ohio St. 304, 306, 137 N.E. 167 (1922).

{¶ 19} The prosecutor stated on the record that Rudolph was indigent and, therefore, could not afford to pay restitution. Pursuant to *Oliver* and Article I, Section 10a(E) of the Ohio Constitution, Rudolph's inability to pay restitution is not a valid basis on which the court could decline an order of restitution.

{¶ 20} As previously stated, the prosecutor stated that there was damage of "about $2,000," but he did not present proof of that amount. Normally, the lack of proof would support the denial of a request for restitution. However, in this case, the victim requested the opportunity to attend the sentencing hearing in order to present evidence in support of his claim for restitution. As previously explained, S.W. was not given notice of the sentencing hearing and, therefore, did not have an opportunity to present evidence in support of his claim for restitution. The denial of the victim's right to notice and an opportunity to be present at the sentencing hearing violated Article I, Section 10a(A)(7) of Marsy's Law.

{¶ 21} Accordingly, the second assignment of error is sustained.

{¶ 22} Judgment reversed and case remanded to the trial court for resentencing in accordance with Marsy's Law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR