[Cite as *State v. Williams*, 2024-Ohio-5092.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 113141

    v.                                  :

GREGORY WILLIAMS,                       :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676922-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Maalaea Newel, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Gregory Williams ("Williams"), appeals his conviction for two counts of theft. For the reasons that follow, we affirm the convictions.

{¶ 2} On November 5, 2022, Jason Jones ("Jones") had just exited the Dunkin Donuts drive-through in Euclid, Ohio, when he noticed an issue with his car. He parked and ate his meal. Shortly thereafter he exited the car to look under the hood. Jones has a classic car, which often draws attention, so he was not surprised when a truck stopped and the driver, Williams, exited and admired the car. Jones, who was renovating his house, noticed that Williams was wearing paint gear. He told Williams he might have some work for him, so he asked for and received Williams' name and number. Jones had left his wallet on the passenger seat, which held cash, as well as credit and debit cards ("bank cards"). Jones testified that he had withdrawn $2,500 in cash from the bank and already had $200 in his wallet, for a total of $2,700 cash. The State also had Jones identify a screen shot of what he described as withdrawals from his bank account. Jones testified that between October 14-31, 2022, he made five cash withdrawals in the amounts of $500, $1,000, $2,000, $2,500 and $10,000, in no particular order. On cross-examination, Jones adjusted the amount of cash he had in the wallet, stating that he knew he put at least $2,000 in the wallet in addition to the $200 that was already there.

{¶ 3} Because it was a warm day, Jones had the windows down. Surveillance video captured the encounter and shows Williams walking around the car and briefly stopping by the passenger window. Later, when asked by a police lieutenant, Williams admitted that he reached into the passenger window but denied

taking Jones' wallet. Williams claimed he reached into the car window to feel the leather seats.

{¶ 4} After Williams left, Jones realized that his wallet was missing. He called Williams but Williams denied taking the wallet. Jones offered to give Williams $500 if he returned the wallet, but Williams declined and continued to insist he did not take the wallet.

{¶ 5} Williams was indicted for two counts of theft as felonies of the fifth degree. The first count alleged that Williams had taken an amount greater than $1,000 but less than $7,500 and the second count alleged that he had taken bank cards.

{¶ 6} Williams waived the jury, and the case was tried to the bench. The trial court found him guilty of both charges, sentenced him to community-control sanctions, and ordered him to pay $2,500 in restitution to Jones.

{¶ 7} Williams appeals raising the following assignments of error for review.

### Assignment of Error No. 1

There was insufficient evidence to prove beyond a reasonable doubt each element of the offenses of which Mr. Williams was convicted.

### Assignment of Error No. 2

Mr. Williams received ineffective assistance of counsel when counsel failed to object to the State's evidence in support of an essential element of Count 1 that was admitted in violation of Ohio Rule of Evidence 1002.

## Assignment of Error No. 3

Mr. Williams received ineffective assistance of counsel when counsel failed to object to the restitution amount and, thus, failed to trigger an evidentiary hearing.

## Assignment of Error No. 4

The trial court erred in failing to determine Mr. Williams' ability to pay $2500 in restitution as required by R.C. 2929.19(B)(5) and Mr. Williams received ineffective assistance of counsel when counsel failed to object to the restitution order on those grounds.

## Law and Analysis

{¶ 8} For ease of analysis, we will address the assignments of error in combination and/or out of order.

{¶ 9} In the first assignment of error, Williams argues that his convictions were not supported by sufficient evidence. Here, Williams challenges whether there was sufficient evidence to establish the items stolen, i.e., $2,500 in cash and bank cards. In order to establish Williams was guilty of the crime of theft, the State needed to prove that Williams with purpose to deprive the owner, Jones, of property or services, did knowingly obtain or exert control over property or services without the consent of the owner or person authorized to give consent. R.C. 2913.02(A)(1). The state also needed to establish the value of the property because the value determines the degree of felony. R.C. 2913.02(B)(2). If the value of the property or services stolen is $1,000 or more and less than $7,500, or if the property is a credit and/or debit card, the theft is a felony of the fifth degree. *Id.*, R.C. 2913.71.

{¶ 10} A challenge to the sufficiency of the evidence questions whether the State met its burden of production. *State v. Hunter*, 2006-Ohio-20, ¶ 41 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997). Sufficiency of the evidence involves a review of the evidence admitted at trial and a determination of "'whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Goins*, 2021-Ohio-1299, ¶ 13 (8th Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The question is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* The question is not "'whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.'" *Id.*, quoting *Thompkins* at 390.

{¶ 11} Here, Williams argues that there was not enough evidence for the trier of fact to believe Jones had the cash and cards he claimed were in his wallet. Williams argues that the State could have presented actual bank statements, rather than screenshots to establish Jones withdrew cash from his account and named the banks with which he held bank cards.

{¶ 12} "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *Thompkins* at 386, quoting *Black's Law Dictionary* (6 Ed.1990). Courts describe a sufficiency challenge as a "test of adequacy." *State v. Wilson*, 2007-Ohio-2202, ¶ 25, citing

*Thompkins* at 386-387. However, a witness's testimony alone, if believed, is sufficient to convict someone of a crime. *State v. Bradley*, 2020-Ohio-3460, ¶ 34 (8th Dist.). If believed, Williams' testimony was enough to establish the value and identity of the items stolen. Jones testified that Williams took his wallet, which contained bank cards and cash of at least $1,000 but less than $7,500.

{¶ 13} Accordingly, the first assignment of error is overruled.

{¶ 14} In the fourth assignment of error, Williams challenges the order of restitution with regards to his ability to pay. He argues that the trial court erred when it failed to consider his ability to pay under R.C. 2929.19(B)(5) before imposing restitution and that he received ineffective assistance of counsel when his attorney failed to object to the trial court's failure to consider his ability pay. As Williams' remaining challenges all allege ineffective assistance of counsel, we will address the challenge to the trial court's imposition of restitution without discerning Williams' ability to pay first and then consider Williams' ineffective assistance of counsel arguments together.

{¶ 15} In the instant case, the trial court did not hold a hearing on the issue of restitution. In fact, immediately after pronouncing the finding of guilt, the trial court ordered Williams to pay Jones $2,500 in restitution. After making that pronouncement, the court proceeded to sentencing.

{¶ 16} Arguments that restitution is inappropriate based on a defendant's financial situation "ignores this court's conclusion that 'the provisions of Marsy's Law supersede the defendant's rights under R.C. 2929.19(B)(5).'" *State v. Thorp*,

2023-Ohio-3629, ¶ 24 (8th Dist.), quoting *Cleveland v. Rudolph*, 2022-Ohio-2363, ¶ 18. Pursuant to Marsy's Law, the defendant's ability to pay is irrelevant. *Rudolph*, 2022-Ohio-2363, ¶ 18 (8th Dist.). In *Rudolph*, the Court recognized a conflict between the rights conferred to victims of crime pursuant to Marsy's Law, a constitutional amendment, and the statutory requirement that a trial court consider the defendant's ability to pay. *Id.*, citing *Ohio v. Oliver*, 2021-Ohio-2543, ¶ 58 (12th Dist.). Under Marsy's law a victim of crime is entitled "to full and timely restitution from the person who committed the criminal offense or delinquent act against [them]." Ohio Const., art. I, § 10a(A)(7). The use of the word "full" to modify restitution to the victim "does not leave room for any implication that the amount of restitution could be reduced or limited after consideration of the offender's ability to pay, or that restitution order could be anything less than 'complete' restitution." *Oliver* at ¶ 67.

{¶ 17} Based on the foregoing, the trial court did not err when it imposed restitution without first considering Williams' ability to pay.

{¶ 18} In the second, third, and the remainder of the fourth assignments of error, Williams argues that he received ineffective assistance of counsel. Specifically, he argues that he received ineffective assistance when (a) his counsel failed to object to the admission of evidence that was in violation of Evid.R. 1002; (b) when his counsel failed to object to the amount of restitution and thereby failed to trigger an evidentiary hearing; and (c) when his counsel failed to object to the

imposition of restitution on the grounds that the trial court failed to assess his ability to pay.

{¶ 19} Ineffective assistance of counsel is established when a defendant demonstrates that "(1) counsel's performance fell below an objective standard of reasonable representation and (2) he was prejudiced by that performance." *State v. Morgan*, 2018-Ohio-1834, ¶ 10 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Courts considering whether an attorney's performance fell below an objective standard of reasonableness, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. A defendant establishes prejudice by showing that "there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis*, 2020-Ohio-309, ¶ 10.

{¶ 20} Continuing our analysis of the fourth assignment of error, Williams argues that he received ineffective assistance of counsel when his counsel failed to object to the imposition of restitution based on the grounds of inability to pay. Specifically, Williams argues that his counsel could have raised his indigent status throughout the case, his disability, and the fact that Williams was supporting two family members. Having established that a defendant's ability to pay is no longer a factor in determining the amount of restitution, we need not consider Williams' argument any further. Accordingly, the fourth assignment of error is overruled.

{¶ 21} In the second assignment of error, Williams argues he received ineffective assistance of counsel when counsel failed to object to the admission of screenshots purportedly showing withdrawals from Jones' bank accounts. Williams argues that this evidence was inadmissible because it violated Evid.R. 1002 and it did not satisfy any of the exceptions to the rule.

{¶ 22} Preliminarily, "[t]his was a bench trial where the trial judge is presumed to consider only proper evidence." *State v. Colegrove*, 2015-Ohio-3476, ¶ 22 (8th Dist.), citing *State v. Chandler*, 2003-Ohio-6037, ¶ 17 (8th Dist.), citing *State v. Post*, 32 Ohio St.3d 380, 384 (1987). The Supreme Court of Ohio has recognized that, in bench trials, trial judges are "'presumed to consider only the relevant, material and competent evidence in arriving at a judgment unless the contrary affirmatively appears from the record.'" *State v. Colegrove*, 140 Ohio App.3d 306, 317 (8th Dist. 2000), quoting *State v. Eubank*, 60 Ohio St.2d 183, 187 (1979).

{¶ 23} Failing to object to an error is not enough by itself to prevail on a claim of ineffective assistance of counsel. "To prevail on such a claim, a defendant must first show that there was a substantial violation of any of defense counsel's essential duties to his client and, second, that he was materially prejudiced by counsel's ineffectiveness." *Ohio v. Holloway*, 38 Ohio St.3d 239, 244 (1989). *See also State v. Wright*, 2009-Ohio-5229, ¶ 45 (8th Dist.) ("The failure to object is not a per se indicator of ineffective assistance of counsel because counsel may refuse to object for tactical reasons.").

{¶ 24} Evid.R. 1002, the best evidence rule, provides:

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio.

{¶ 25} Courts have noted that

[t]he best evidence rule has no application to a case where a party seeks to prove a fact which has an existence independently of any writing; he may do so by oral testimony, even though the fact has been reduced to, or is evidenced by, a writing. Nor is it contrary to the best evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental.

*Parma v. Schrader*, 2014-Ohio-2060, ¶ 23 (8th Dist.), quoting 29 Am.Jur.2d Evidence § 449 at 510.

{¶ 26} Here, Jones' testimony that he had between $2,200 and $2,700 in his wallet at the time it was stolen was sufficient to establish that fact. The screenshots were not necessary to establish the amount stolen. Assuming arguendo that the screenshots of Jones' bank withdrawals were improperly admitted, the admission was harmless beyond a reasonable doubt because Jones' testimony was sufficient to establish the cash contents of his wallet. Accordingly, Williams cannot establish that he was prejudiced by his counsel's failure to object. Accordingly, the second assignment of error is overruled.

{¶ 27} Finally, in the third assignment of error, Williams argues he received ineffective assistance when his counsel failed to challenge the restitution amount.

Williams argues that had his counsel objected, he could have challenged the restitution amount in an evidentiary hearing and explored deficiencies in the testimony regarding the amount of restitution more thoroughly. Restitution may be based on "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *State v. Green*, 2022-Ohio-4524, ¶ 10 (8th Dist.), quoting R.C. 2929.18(A)(1); *State v. Lalain*, 2013-Ohio-3093, ¶ 3. As discussed, under Marsy's Law, restitution must be ordered in the full amount of the victim's loss. In *Thorp*, 2023-Ohio-3629, ¶ 18, this court recognized that the amount of restitution needs to be shown by the preponderance of the evidence. *See also* R.C. 2929.18(A)(1). "'Preponderance of the evidence' means 'evidence that's more probable, more persuasive, or of greater probative value.'" *In re C.V.M.*, 2012-Ohio-5514, ¶ 7 (8th Dist.), citing *In re D.P.*, 2005 Ohio 5097, ¶ 52 (10th Dist.), quoting *State v. Finkes*, 2002-Ohio-1439, ¶ 81 (10th Dist.).

{¶ 28} Here, as the trier of fact, the trial court heard all the evidence regarding the amount of cash in Jones's wallet and concluded a restitution award of $2,500 was appropriate. Based on our review of the record, we find the restitution order was supported by the preponderance of the evidence. Williams has presented nothing to this court demonstrating the result would have been different had

Williams' counsel objected to the amount. Given that there was evidence in the record to support a restitution award of an even higher amount, counsel may have decided not to object as a tactical decision. This court will not second guess counsel's tactical decisions. Consequently, Williams has failed to establish that he was prejudiced by his counsel's decision.

{¶ 29} Accordingly, the third assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR